Per Curiam.

This case presents for determination the construction and constitutionality of section 10 of the charter, hereinbefore quoted, relator contending that the application of section 10, as construed by respondents, is violative of Section 1 of Article XVTI of the Constitution.
Under the home-rule provision of the Constitution (Section 7, Article XVIII), a municipality which has adopted a charter form of government has the power to prescribe the manner of nominating its purely local officers. State, ex rel. Hackley, v. Edmonds, Clerk, 150 Ohio St., 203, 80 N. E. (2d), 769.
The provisions of section 10 of the charter deal only with nominations. Section 1 of Article XVII of the Constitution does not deal with the subject of nominations.
The provision of section 10 of the charter, that if a candidate at a primary election shall receive, the majority of votes cast he shall be the candidate for office at the regular municipal election, does not have the effect of providing for the election of such candidate to the office, as contended by relator, but merely determines the number of candidates for office at the general election and does not prevent electors from writing in the name of any person qualified for the office.
This court is of the opinion that Section 10 of the Charter of the City of Cleveland is not violative of Section 1, Article XVII of the Constitution.
The demurrer to the answer is overruled, and a writ of mandamus is denied.

Demurrer overruled and writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.